UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DENNY LEWIS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) | Case No. 4:14-CV-398 CDP |
| | ) | |
| TEMP-AIR, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is currently before me on defendant Temp-Air, Inc.'s motion to compel. Plaintiff Danny Lewis claims Temp-Air terminated his employment on December 20, 2011, because of his race and in retaliation for his complaints of race discrimination. Lewis alleges his termination violated Title VII of the Civil Rights Act of 1964. Temp-Air's motion seeks to compel Lewis to provide more complete answers to its first set of interrogatories and respond, without objection, to its first request for production of documents. I will grant Temp-Air's motion to compel in part, as further specified below.

## DISCUSSION

**A.   Lewis's Objections to Temp Air's Document Requests**

Temp Air argues that because Lewis served his responses to Temp Air's first request for production of documents more than a month after they were due, he has

waived his right to object to any of the requests. In the interests of justice, I will not deem Lewis's objections waived in this instance, but counsel is warned that further non-compliance will not be excused.

### B. Interrogatory No. 1 and Request No. 36

Temp-Air's interrogatory number 1 and request number 36 call for Lewis to complete an authorization for the release of records from each of Lewis's employers since December 2010. Although the scope of the authorization is unclear because it was not attached to any of the parties' briefs on the motion to compel, I find that employment records for all of Lewis's employers subsequent to his termination by Temp-Air on December 20, 2011 are relevant to Temp-Air's defense of failure to mitigate damages. I will therefore compel Lewis to complete records release authorizations for these employers. To the extent Temp-Air's discovery seeks records authorizations for employers outside of this scope, the motion to compel is denied.

### C. Interrogatory No. 2

This interrogatory asks Lewis to provide information and documents related to any instance in which he has been suspended, disciplined, terminated, laid off, asked to resign, or otherwise involuntarily separated from any employment. I find that such information, while perhaps not directly admissible at trial, may lead to the discovery of admissible evidence supportive of Temp-Air's assertions that

Lewis was terminated for legitimate reasons. However, I agree with Lewis that this interrogatory as written would apply to his work history over the course of his entire life, and as such, is too broad. Therefore, I will compel Lewis to respond only as to any employer he has worked for within the past ten years.

D.     **Interrogatory No. 3**

In interrogatory number 3, Temp-Air asks Lewis to provide information regarding his efforts to obtain employment after his termination, including identification of the employers with whom he sought employment and the positions he applied for. I agree with Temp-Air that the information requested in interrogatory number 3 is relevant to the question of whether Lewis made efforts to mitigate his damages in this case. While Plaintiff may not be able to precisely reconstruct all of his job search efforts and applications, his current summary response that he "applied for numerous jobs until he was hired by EMT" is insufficient. I will therefore compel Lewis to respond seriously and as thoroughly as possible to interrogatory 3. At a minimum, Lewis should be able to provide a name or description of each position he applied for, the name of each employer and the approximate date of his efforts or application.

E.     **Interrogatory No. 13 and Request No. 37**

In interrogatory number 13 and request number 37 Temp-Air asks for information and documents related to any medical or psychological care or

treatment received by Lewis in the past ten years. Temp-Air asserts that because Lewis claims to have suffered emotional distress from Temp-Air's actions, he has put his medical condition "at issue" thereby making his medical records relevant and discoverable. Lewis argues that because he is claiming merely "garden variety" emotional distress and does not plan on calling a medical professional to testify as an expert on his emotional distress, he has not placed his mental health at issue or waived his doctor-patient privilege.

Medical materials regarding Lewis's mental health "may become relevant to establish…that there were causes other than [his] termination that caused [his] emotional distress." *Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011). Under the specific circumstances of this case I conclude that withholding all medical records regarding Lewis's emotional distress would force the parties to proceed on unequal footing. *See E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009)). Temp-Air should be allowed access to these records in order to explore the possibility that there are other causes for Lewis's distress. *Id*. I will compel Lewis to provide information about and authorizations for medical records regarding any emotional and/or mental health issues, including "emotional distress," beginning <u>three years</u> before his termination from Temp-Air and continuing to the present.

### F. Lewis's Tax Returns

Request 27 asks for Lewis's federal and state income tax returns from 2010 to the present, all documents used to support or prepare those returns, and all documents evidencing Lewis's income for years in which his returns are not yet available. Lewis is ordered to comply with this request. To the extent he does not have these documents in his possession, he is ordered to complete an authorization for the release of these records to Temp-Air's counsel.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Temp-Air, Inc.'s motion to compel [#12] is **GRANTED** in part and **DENIED** in part as set forth above, and Lewis must supplement his discovery responses as set forth above no later than **Tuesday, November 4, 2014**.

**IT IS FURTHER ORDERED** that the parties' joint motion to amend the case management order [#10] is **GRANTED** and the case management order is amended in the following respects:

### I. SCHEDULING PLAN

3. Disclosure shall proceed in the following manner:

    (f) The parties shall complete <u>all</u> discovery in this case no later than **December 1, 2014**.

4. This case will not be referred to alternative dispute resolution.

5. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or any motions to limit or exclude expert testimony must be filed no later than **December 15, 2014**. Opposition briefs shall be filed no later than thirty days after the motion or **January 14, 2015**, whichever is earlier. Any reply brief may be filed no later than ten days following the response brief or **January 26, 2015**, whichever is earlier.

### II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **May 4, 2015**, at **8:30 a.m.** This is a **two**-week docket.

**Any other deadline not specifically amended above remains in full force and effect. Failure to comply with any part of this order may result in the imposition of sanctions.**

**IT IS FURTHER ORDERED** that the order referring case to alternative dispute resolution [#11] is **VACATED.**

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2014.